UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | 2:25-cv-3095-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| WILLIAM D. JOHNSON, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff Branden Iseli is a state prisoner proceeding without counsel and seeking relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, the complaint fails to state a claim and should be dismissed without leave to amend.

## I.    In Forma Pauperis

Plaintiff requests to proceed in forma pauperis. Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will

1

be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Allegations in the Complaint

Plaintiff alleges a denial of his Sixth Amendment right to counsel and right to a speedy trial in connection with a San Joaquin County Superior Court proceeding in which defendant was the judge. (ECF No. 1 at 3, 9.) Plaintiff also alleges a violation of his Fifth and Fourteenth Amendment rights in connection with that trial. (Id. at 12.) Plaintiff seeks monetary damages and release or a reduction in sentence. (Id. at 46.)

## IV.    Discussion

A federal civil rights action challenging plaintiff's conviction or sentence is precluded by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff proceeding under 42 U.S.C. § 1983 must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-487.

But even if plaintiff overcame the Heck bar, plaintiff does not name a defendant who can be sued under 42 U.S.C. § 1983. With limited exceptions, judges and other judicial officers are absolutely immune from suit for judicial acts. See Forrester v. White, 484 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is overcome in only two sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions

2

not taken in the judge's judicial capacity; second, a judge is not immune for actions taken in the complete absence of any jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991). "[Judicial] immunity applies even when the judge is accused of acting maliciously and corruptly[.]" Pierson v. Ray, 386 U.S. 547, 554 (1967); see also, e.g., Mireles, 502 U.S. 9, 12-13 (1991) (upholding absolute immunity for a judge who allegedly ordered that person be arrested with excessive force). The complaint's allegations make clear that neither of these exceptions applies.

Plaintiff also cannot receive the requested relief of release from custody or a reduction in sentence through this civil rights action. Claims challenging the validity or duration of a prisoner's confinement must be brought in an action seeking a writ of habeas corpus. See generally Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018).

For all these reasons, the complaint must be dismissed. The undersigned declines to offer plaintiff the option to convert his claims to an action for habeas corpus relief because the court's records make clear plaintiff knows how to file a petition for writ of habeas corpus and has done so on several occasions.

### V.    Leave to Amend

Granting leave to amend would be futile. Plaintiff cannot state a civil rights claim against the judge who presided over his criminal trial and cannot challenge the length or fact of his confinement through this civil rights action. The complaint should be dismissed without leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### VI.    Order and Recommendation

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. The Clerk of the Court is directed to assign a district judge to this case.

////

////

In addition, IT IS HEREBY RECOMMENDED as follows:

1.  Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b).

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 1, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 isel3095.scrn.fr

4